IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**SAMUEL RORIE and JUSTIN BAKER,**                          **PLAINTIFFS**
**Each Individually and On Behalf**
**of All Others Similarly Situated**

vs.                                    No. 5:20-cv-5106

**WSP2, LLC, and JOSEPH CLAYTON SUTTLE**                     **DEFENDANTS**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Samuel Rorie and Justin Baker (collectively "Plaintiffs"),

each individually and on behalf of all others similarly situated, by and through their

attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PC, and for their Original

Complaint—Collective Action against Defendants WSP2, LLC, and Joseph Clayton

Suttle (collectively "Defendants"), they state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    Plaintiffs, each individually and on behalf of all others similarly situated,

bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"),

and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"),

for declaratory judgment, monetary damages, liquidated damages, prejudgment

interest, and costs, including reasonable attorneys' fees as a result of Defendants'

failure to pay Plaintiffs and all others similarly situated minimum wage and earned tips

as required by the FLSA and the AMWA.

2.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described *infra*.

## II.      JURISDICTION AND VENUE

3.      The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

6.      Plaintiffs were employed by Defendants at Defendants' restaurant located in Fayetteville. Therefore, the acts alleged in this Complaint had their principal effect within the Fayetteville Division of the Western District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

7.      Plaintiff Samuel Rorie ("Rorie") is an individual and a resident of Washington County.

8.      Plaintiff Justin Baker ("Baker") is an individual and a resident of Washington County.

9.      Defendant WSP2, LLC ("WSP2"), is an Arkansas limited liability company.

10.     WSP2's registered agent for service of process is Joseph Clayton Suttle, at 1231 East Hope Street, Fayetteville, Arkansas 72701.

11.     WSP2 does business as Wood Stone Craft Pizza.

12.     Defendant Joseph Clayton Suttle ("Suttle") is an individual and a resident of Arkansas.

13.     Defendants maintain a website at https://woodstonecraftpizza.com/.

### IV.    FACTUAL ALLEGATIONS

14.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

15.     Suttle is a principal, director, officer, and/or owner of WSP2.

16.     Suttle, in his role as an operating employer of WSP2, had the power to hire and fire Plaintiffs, often supervised Plaintiffs' work and determined their work schedule, and made decisions regarding Plaintiffs' pay, or lack thereof.

17.     Suttle took an active role in operating WSP2 and in the management thereof.

18.     Suttle, at relevant times, exercised supervisory authority over Plaintiffs in relation to their work schedule, pay policy and the day-to-day job duties that Plaintiffs' jobs entailed.

19.     Suttle acted as the employer of Plaintiffs and the proposed collective and is and has been engaged in interstate commerce as that term is defined under the FLSA.

20.     Defendants are an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

21.     During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as cooking utensils and equipment, office supplies, and food products.

22.     Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

23.     Within the three years preceding the filing of this Complaint, Defendants have continuously employed at least four employees.

24.     Defendants own and operate restaurants in Arkansas.

25.     At all times relevant to the allegations in this Complaint, Plaintiffs were hourly-paid employees at Defendants' restaurants in or around Fayetteville.

26.     At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

27.     Rorie was employed as an hourly-paid Server from January of 2018 until June of 2020.

28.     Baker was employed as an hourly-paid Server and Manager from January of 2018 until June of 2020.

29.     Defendant also employed other individuals as Servers within the three years preceding the filing of this lawsuit.

26.     Until May of 2020, Defendant paid its Servers less than the statutory minimum wage. Instead of paying the required minimum wage, Defendant took advantage of the tip credit allowed by 29 U.S.C. § 203(m) and Ark. Code Ann. § 11-4-212.

27.     Plaintiffs and other Servers performed both duties that generated tips, such as delivering food to customers ("tipped work"), and duties that did not generate tips, such as opening the restaurant, cleaning and rolling silverware ("non-tipped work").

28.     Upon information and belief, Defendant did not distinguish between time spent by Servers on tipped work and time spent by servers on non-tipped work.

29.     Non-tipped duties often occupied more than twenty percent of Plaintiffs' time and the time of other Servers.

30.     Some of the non-tipped work, such as cleaning, was unrelated to the tipped work.

31.     Defendant paid Plaintiffs and other Servers the same rate—below the applicable minimum wage—for both tipped work and non-tipped work.

32.     As a result of the policies put in place by Defendant, Plaintiffs and other Servers were often required to perform non-tipped work for less than minimum wage.

33.     Plaintiffs and other tipped Servers are entitled to wages and compensation based on the standard minimum wage for all hours worked.

34.     In May of 2020, Defendant raised Plaintiffs' wages to $22.00 per hour or around $22.00 per hour.

35.     In May of 2020, Defendant raised the wages of other Servers to $22.00 per hour or around $22.00 per hour.

36.     Once Defendant raised Servers' hourly wage, Servers did not receive all the tips that they earned.

37.     Defendants required Servers to enter into a tip-pooling agreement as a condition of employment. Each Server was required to give all collected tips to management to be redistributed to other employees.

38.     Defendant distributed collected tips to kitchen staff and other employees who do not "customarily and regularly receive tips" within the meaning of 29 U.S.C. § 203(m).

39.     Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiffs violated the FLSA.

40.     In June of 2020, Rorie stated to Suttle that he objected to Defendants' practice of retaining Servers' tips.

41.     Soon after this conversation, Defendants fired Rorie.

42.     Upon information and belief, Defendants terminated Rorie's employment in retaliation for asserting his rights under the FLSA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

43.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

32.     At all relevant times, Plaintiffs and all others similarly situated have been entitled to the rights, protections, and benefits provided by the FLSA.

33.     Plaintiffs bring their claims for violation of the FLSA as a collective action pursuant to Section 203 and 16(b) of the FLSA, 29 U.S.C §§ 203 and 216(b), on behalf of all persons who were, are, or will be employed as similarly situated within the statute of limitations period, who are entitled to payment of the following types of damages:

A.     Unpaid wages, including unpaid tips;

B.     Liquidated damages; and

C.     Attorney's fees.

34.     In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

35.     The relevant time period dates back three years from the date on which this lawsuit was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

36.     The members of the proposed class of Plaintiffs and those similarly situated share these traits:

A.     They performed substantially similar duties;

B.     They were subject to Defendant's common policies and practices;

C.     They often spent more than 20% of their time on non-tipped duties; and

D.     They did not receive all the tips they earned.

37.     Plaintiffs are unable to state the exact number of the potential members of the hourly tipped employee FLSA collective but believe that the proposed collective is approximately twenty-five (25) individuals.

38.     Defendants can readily identify the members of the Section 16(b) collective, which encompasses all Servers at its restaurants in the last three (3) years.

39.     The names, cell phone numbers, email addresses, and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text and first class mail (or email) to their last known addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

40.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

41.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

42.     At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

43.     At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

44.     29 U.S.C. § 203(m)(2)(B) states, "An employer may not keep tips received by its employees for any purposes, . . . regardless of whether or not the employer takes a tip credit."

45.     Despite the entitlement of Plaintiffs to all tips they earned, Defendants failed to pay them all the tips they earned.

46.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

47.     Defendant failed to pay Plaintiffs the minimum wages required under the FLSA for tipped work and for non-tipped work.

48.     Defendants' failure to pay Plaintiffs all tips and wages owed was willful.

49.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.    SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

50.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

51.     Plaintiffs, each individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

52.     At all relevant times, Plaintiffs and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

53.     At all relevant times, Plaintiffs and all similarly situated employees have been "employees" of Defendants, as defined by 29 U.S.C. § 203(e).

54.     At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

55.     29 U.S.C. § 203(m)(2)(B) states, "An employer may not keep tips received by its employees for any purposes, . . . regardless of whether or not the employer takes a tip credit."

56.     Despite the entitlement of Plaintiffs and all others similarly situated to all tips they earned, Defendants failed to pay them all the tips they earned.

57.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

58.     Defendant failed to pay Plaintiffs and all similarly situated employees the minimum wages required under the FLSA for tipped work and for non-tipped work.

59.     Because these employees are similarly situated to Plaintiffs, and are owed unpaid tips and wages for the same reasons, the proposed collective is properly defined as follows:

**All Servers within the past three years.**

60.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.   THIRD CAUSE OF ACTION
## (Individual Claims for Violation of the AMWA)

61.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

62.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.* [1]

---

[1]     *See Esry v. P.F. Chang's China Bistro, Inc.*, 373 F.Supp. 3d 1205, n. 2 (W.D. Ark., 2019) ("The Court treats the plaintiffs' AMWA claims the same as their FLSA claims in this case [tip credit]"); *see*

63.     At all times relevant to this Complaint, Defendants were Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

64.     Defendants classified Plaintiffs as non-exempt from the requirements of the AMWA.

65.     Despite the entitlement of Plaintiffs to tips under the AMWA, Defendants failed to pay Plaintiffs all tips that they earned.

66.     AMWA Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay 1.5x regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

67.     Defendant failed to pay Plaintiffs the minimum wages required under the AMWA for tipped work and for non-tipped work

68.     Defendants' failure to pay Plaintiffs wages owed was willful.

69.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## IX.     FOURTH CAUSE OF ACTION
### (Individual Claim for Violation of the Anti-Retaliation Provisions of the FLSA)

70.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

---

*also Gerber Products Company v. Hewitt*, 2016 Ark. 222 (2016) (unless a different interpretation is clearly required, Courts will "engraft" the FLSA requirements onto the AMWA).

71.     Defendant's termination of Rorie was a direct and willful violation of the FLSA's anti-retaliation provision at subsection 215(a)(3), which forbids employers from firing or otherwise taking retaliatory action against individuals who have asserted their rights under the FLSA.

72.     Pursuant to the FLSA, employers may not "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3).

73.     Rorie engaged in protected activity by complaining about tip theft.

74.     Rorie fired Plaintiff in a clear act of retaliation against Rorie solely due to Rorie's complaint.

75.     Rorie should be compensated for lost income due to Defendant's unlawful retaliation, and should be compensated for any pain, suffering, or loss of face suffered as a result of Defendant's actions.

76.     Further, punitive damages should be assessed against Defendant for its blatant and willful actions to retaliate against Plaintiff for his assertion of his rights under the FLSA in direct and intentional violation of the anti-retaliation provisions of the FLSA.

77.     Any employees of Defendant who participated in the retaliatory acts against Plaintiff should be subject to criminal sanction pursuant to 29 U.S.C. § 216(a).

## X.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Samuel Rorie and Justin Baker, each individually and on behalf of all others similarly situated, respectfully pray as follows:

A.   That each Defendant be summoned to appear and answer this Complaint;

B.   For orders regarding certification of and notice to the proposed class members;

C.   A declaratory judgment that Defendants' practices alleged herein violate the FLSA, 29 U.S.C. § 201, *et seq.*, and the regulations at 29 C.F.R. § 516, *et seq.*;

D.   A declaratory judgment that Defendants' practices alleged herein violate Arkansas statutes;

E.   For actual economic damages in an amount to be determined at trial;

F.   For liquidated damages as provided for under the FLSA and its related regulations;

G.   For attorneys' fees, costs, and pre-judgment interest; and

H.   For such other and further relief as this Court deems just and proper.

Respectfully submitted,

**SAMUEL RORIE and JUSTIN BAKER,
Each Individually and on Behalf of All
Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Daniel Ford*
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com