**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| **SAMUEL RORIE;** | ) | |
| **JUSTIN BAKER** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case. No. 5:20-cv-5106-TLB** |
| | ) | |
| **WSP2, LLC;** | ) | |
| **JOSEPH CLAYTON SUTTLE** | ) | |
| | ) | |
| **Defendants.** | ) | |

**RESPONSE IN OPPOSITION TO MOTION FOR
<u>CONDITIONAL COLLECTIVE ACTION CERTIFICATION</u>**

Defendants come before this Court and for their Response in Opposition to the Plaintiffs' Motion for Conditional Collective Action Certification state:

**I.      <u>INTRODUCTION</u>**

Samuel Rorie and Justin Baker filed this action individually, and as a presumptive Collective Action under the Fair Labor Standards Act and the Arkansas Minimum Wage Act. They have moved for Conditional Certification.   At issue is whether the Plaintiffs have sufficiently evidenced that other employees may want to join this action.    Because neither of them has provided facts or admissible evidence that any other person is interested in joining this action, the Plaintiffs have not met their lenient burden warranting conditional certification. The Court should deny the request to send notice to all persons who worked as servers for the Defendants at any time during the three-year period preceding this case.

This Court should also take this opportunity to review the facts of the allegations related to tip pooling, and recognizing that the practices complained of are permitted by 29 U.S.C. § 203(m)(2), not permit any notice to any putative plaintiff to reference any allegation of unlawful tip

pooling.  That allegation is without legal basis, and while it does not constitute a separate cause of action within the Plaintiffs' Complaint, it should not be regarded as having any merit.

Finally, the Court should deny any attempt by the Plaintiffs to include any employees of any other entity not named in this action – which by the Plaintiffs' reference to the "downtown" Woodstone Pizza location – they appear to desire.  Those employees should not be notified of this action should the Court approve conditional certification of the employees of WSP2, LLC. Instead, only those employees working for WSP2, LLC should be notified, subject to the objections stated below, in the instance the Court conditionally certifies this action and orders any notice be sent.

## II.      ARGUMENT AND ANALYSIS

### A.      Legal Standard

29 U.S.C. section 216 (b) provides, in relevant part:

> An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

The Fair Labor Standards Act provides that an employee may bring an action for herself and other employees "similarly situated." *Kautsch v. Premier Communications*, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007) (citing 29 U.S.C. § 216(b)). In these actions, Courts have the discretion, in appropriate cases, to issue orders authorizing notice to potential members of the collective action of the opportunity to "opt-in" to the action. *Hoffman-La Roche Inc. v. Spering*, 493 U.S. 165, 169 (1989).

"Though the Eighth Circuit Court of Appeals has not indicated which standard should be used to determine whether potential opt-in plaintiffs are 'similarly situated,' a majority of the district courts in the Eighth Circuit use the two-step analysis adopted in *Mooney v. Aramco Services Co.*, 54 F.3d 1207 (5th Cir.1995)." *Id.* (citing *Davis v. Novastar Mortgage, Inc.,* 408 F. Supp.2d 811,

2

815 (W.D. Mo. 2005); *Kalish v. High Tech Institute, Inc.*, 2005 WL 1073645 (D. Minn. 2005); *Dietrich v. Liberty Square L.L.C.*, 230 F.R.D. 574 (N.D. Iowa 2005); *McQuay v. American Int'l Group, Inc.,* 2002 WL 31475212 (E.D. Ark. 2002)); *see also Knaak v. Armour-Eckrich Meats, LLC*, 991 F. Supp.2d 1052, 1058 (D. Minn. 2014); *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 940, (W.D. Ark. 2007) (applying the two-step process).

"To determine whether employees are similarly situated, a district court considers several factors, including the following: (1) whether the plaintiffs hold the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices; and (5) the extent to which the acts constituting the alleged violations are similar."  *Wheeler v. Baxter Healthcare Corp.*, 2011 WL 5402446, No. 4:11CV00263 (E.D. Ar. Nov. 8, 2011), citing *Stone v. First Union Corp.*, 203 F.R.D. 532, 542-43 (S.D. Fla. 2001). Plaintiffs can satisfy their burden by presenting detailed allegations supported by affidavits, but they "may not meet this burden through unsupported assertions of additional plaintiffs and widespread FLSA violations.'" *Butcher v. Delta Memorial Hospital*, 2013 WL 1668998 at *2, No. 5:12CV000241 SWW, (E.D. Ark. April 17, 2013) (quoting *Littlefield v. Dealer Warranty Servs*., LLC, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010) (citation omitted)).

While the merits of the Plaintiff's claims are not considered [at this stage], Plaintiffs meet their burden "by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs **together were victims** of a common policy or plan that **violated the law**." (emphasis added), *Wheeler* at *2 (quoting *Kautsch,* 504 F. Supp.2d at 689)(citing *Realite v. Ark Restaurants Corp.*, 7 F. Supp.2d 303, 306 (S.D. N.Y. 1998); *Davis*, 408 F. Supp.2d at 815). "The plaintiffs can satisfy their burden through the use of affidavits, supported by admissible evidence." *Id.* (quoting *Jost v. Commonwealth Land Title Ins. Co., No.* 4:08CV734, 2009 WL 211943, at *2-3 (E.D. Mo. Jan. 27, 2009)).

**B.      The Plaintiffs' Motion fails to Include Admissible Evidence that Others Desire to Opt In.**

As this Court recognized in *Harrison v. Hog Taxi, LLC et al* (5:19-cv-05025, Doc. 41 at 7, WD Ark. Sept. 10, 2019), "district courts in the Eighth Circuit and elsewhere are split as to whether plaintiffs must affirmatively demonstrate" interest of other potential plaintiffs in participating in the action. *Id.*  In *Hog* Taxi, this Court found that evidence of interest may not be necessary as it could cause Plaintiffs to solicit employees or their attorneys to prepare informal notices in an unsupervised and potentially misleading fashion. *Id.*

But that risk has already been undertaken by these Plaintiffs.  As each Plaintiff indicates in his affidavit "[b]ased on my…conversations with other servers for Defendants, I believe that at least some other servers would be interested in participating in this lawsuit."  *See* Doc. 27-7 at ¶ 21, 27-8 at ¶ 22.  Given that solicitation to join this action has already occurred, the idea of providing a "fair notice" to those potentially affected by the Defendants practices has already been disrupted.  Would it not be logical to assume that since such conversations have occurred that those interested would have already notified the Court (or Plaintiffs' Counsel) of his or her interest in the case?  Is it also not fair to acknowledge that any communication between Plaintiffs' Counsel and these prospective clients would be governed by the appropriate rules of professional conduct related to client solicitation?  For these reasons, the Defendants ask this Court reconsider its position in *Hog Taxi*.

Instead of protecting the nature in which the information about the suit is shared, the Defendants propose that the Plaintiffs' evidence should have included "evidence that other similarly situated individuals **desire** to opt in to the litigation because others' interest in joining the litigation is relevant to whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants." *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 892 (N.D. Iowa 2008) (emphasis added) (internal citations, quotation marks, and alterations omitted).  "Simply put, a plaintiff must do more than show the mere existence of other

4

similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit." *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007) relying upon *Dybach v. State of Florida Department of Corrections*, 942 F.2d 1562, 1567 (11th Cir.1991)("a district court "should satisfy itself that there are other employees . . . who desire to `opt-in'" before conditionally certifying a collective action").  Here, for instance, it is clear that despite the Plaintiffs having filed this action as a concerted effort, even after they have spoken with others about the lawsuit without Court control or oversight, no other employees have been evidenced expressing any interest in joining this case.  That lack of evidence of interest should be determinative to the Plaintiffs' motion.

To require the Plaintiffs to merely show that potential plaintiffs exist, rather than requiring them to show that those potential plaintiffs desire to opt in, would:

> "[R]ender preliminary class certification automatic, as long as the Complaint contains the magic words: "Other employees similarly situated." Under this rationale, any plaintiff who is denied overtime pay may file suit under [the] FLSA and, as long as her complaint is well-pled, receive preliminary class certification and send court-approved notice forms to every . . . employee[]. This is, at best, an inefficient and over-broad application of the opt-in system, and at worst it places a substantial and expensive burden on a defendant. . . . More importantly, automatic preliminary class certification is at odds with the Supreme Court's recommendation to "ascertain the contours of the [§ 216] action at the outset."

*Parker, supra,* at 1165.  As the Eastern District of Arkansas and those throughout the 8th Circuit have found, the Courts, as well as practicing attorneys, have a responsibility to avoid the "stirring up" of litigation through unwarranted solicitation. *Butcher*, *supra* at *3.  "Plaintiffs must do more than speculate that putative opt-in plaintiffs would be interested in joining a collective action. Without such a requirement, the parties and the Court could waste valuable resources issuing notice to potential plaintiffs only to find the case cannot proceed as a collective action." *Id.*

Others' interest in joining the litigation is relevant to whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants.  *See Parker, Wheeler,* and *Butcher, supra (see also Dybach, supra*; *,Alvarez v. Sun Commodities, Inc.*, 2012 WL 2344577, *2 (S.D. Fla. 2012); *Johnson v. VCG Holding Corp.*, 802 F. Supp.2d 227, 239

5

(D. Me. July 25, 2011); *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 805 (S.D. Tex. 2010); *Salazar v. Agriprocessors, Inc.*, 2008 WL 782803 (N.D. Iowa 2008); *Saxton v. Title Max of Alabama, Inc.*, 431 F. Supp. 2d 1185, 1187 (N.D. Ala. 2006)).  These Plaintiffs have plainly failed to show through admissible evidence this interest or desire exists.  Due to that failure, their Motion should be denied.

**C.      The Plaintiffs Have Not Adequately Shown the Defendants' Tip Pooling Pay Practices to be Unlawful.**

Even though the merits of the Plaintiff's claims may not be considered at this stage, the Plaintiffs are still required to meet their burden "by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that **violated the law**." (emphasis added), *Wheeler* at *2 (citations and quotations omitted). While "the Court does not make findings on legal issues or focus on whether there has been an actual violation of the law (*see In re Pilgrim's Pride Fair Labor Stds. Act Litig., 2008 U.S. Dist. LEXIS 93966, at *6–9 (W.D. Ark. Mar. 13, 2008) (*citing *Thiessen v. Gen. Elec. Capital Corp*., 267 F.3d 1095, 1106-1107 (10th Cir. 2001)), the question remains whether there is evidence that the prospective Plaintiffs were victims of a common policy or plan that violated it.

Here, the Plaintiffs allege, without support or citation, that the Defendants' 2020 tip pooling pay practices were unlawful as to all of their servers.  The Tip-Pooling practice which they allege is not unlawful. Rorie's affidavit states that "18. During this time period, I was informed by Clayton Suttle that Defendants were retaining tips in order to pay higher wages for all restaurant employees, including kitchen staff and other non-tipped workers."  *See* Doc. 27-7 at ¶ 18.  Baker's affidavit states that "19. During this time period, I was informed by Jeremy Gawthrop and Clayton Suttle, the owners, that Defendants were keeping tips in order to pay higher wages for all restaurant employees, including kitchen staff and other non-tipped workers."  *See*  Doc. No. 27-8 at ¶ 19.

Despite these statements, tip pooling is permitted when the "tip credit" is not taken so long as the employer does not receive any of those tips. That practice was permitted by Congress in 2018 when it amended 29 U.S.C. § 203(m)(2) in § 1201 of the Consolidated Appropriations Act, and overruled the portions of the Department of Labor's regulations that prohibited employers that pay tipped employees a direct cash wage of at least the full Federal minimum wage and do not take a tip credit against their minimum wage obligations from including employees who do not customarily and regularly receive tips, such as cooks and dishwashers, in mandatory tip pooling arrangements. See Consolidated Appropriations Act, 2018 (Act), Pub. L. No. 115-141, Div. S., Tit. XII, § 1201(c); see also FAB No. 2018-3 (Apr. 6, 2018) https://www.dol.gov/whd/FieldBulletins/fab2018_3.pdf. (last visited July 2, 2020).

As part of their affidavits under oath, the Plaintiffs do not allege that the Defendants received any tips out of any established tip pool, but rather assert that tips were redistributed to employees. Compare Docs. 27-7, 8 with Doc. 11, Amended Complaint at ¶ 42. That back-track identifies the lack of evidence the Plaintiffs have that management or ownership kept any tips for their own pockets.  The only evidence before the Court for consideration of the issue of tip pooling simply does not describe an unlawful practice.  As such, the notice should not include any reference to or allegation of any improper tip-pooling practice

While the Plaintiffs are correct that at this stage the Court does not resolve contradictory evidence, here the Plaintiffs offered no evidence to contradict.  In short, there is no evidence that any of the potential opt-in plaintiffs were **victims** of a common plan or policy that **violated the law** (related to tip-pooling). *Wheeler*, *supra* at *2.  Such information should not be included in any notice, nor should any collective action be conditionally certified on those grounds.

> **D.**    **Should the Court Conditionally Certify the Class, the Defendants Object to the Forms and Content of the Proposed Notices to Notify Potential Opt-Ins and Seek to Form an Agreed Notice with Plaintiff In Lieu of That Proposed by Plaintiffs.**

7

Should this Court Order the servers of the Defendants be conditionally certified as a collective action, the Defendants understand that each will be notified of their right to opt-in.  For the most part, there is no objection to the notices proposed at ECF Docs. 27-1-2 through 27-3.  However, the Defendants object to the following selected language in the proposed notices.

**From Doc. 27-1 – Proposed Notice of Right to Join Lawsuit:**

(1) Time Sensitive: … *"YOU DON'T HAVE TO JOIN THIS CASE, BUT IF YOU DON'T, YOU WILL NOT RECEIVE ANY MONEY FROM THIS CASE."*

Comment:  There is no guarantee that by participating that any participating plaintiff will receive anything.  This statement acts to encourage participation by taking advantage of the psychology of FOMO (fear of missing out) and doing so is improper in what should otherwise be a neutral notice.

(3) Description of the Lawsuit: "…*This case has not been set for trial. If the case is not settled between the parties, a trial will be held at the United States District Court for the Western District of Arkansas in Fayetteville*."

Comment:  This case is set for trial during the October 12, 2021 trial term.  Further, any reference to "settlement" should be stricken as it minimizes the magnitude of the endeavor that each opt-in Plaintiff is taking by joining as a Plaintiff obligated to participate as any other Plaintiff would in an action he or she filed.

(6) Effect of Joining this Suit:  *"…You will not be required to pay attorney's fees directly…"* and *"It is important to understand that you may be entitled to recovery just because you were employed by Defendants as server at some time since June 17, 2017."*

Comment:  While the Court has held that attorneys' fees are not costs, to a lay person , this reference to attorney's fees is misleading considering the 8th Circuit's recent holding in *Lochridge v. Lindsey Mgmt. Co.*, 824 F.3d 780, 783 (8th Cir. 2016) that a prevailing defendant may be entitled to the recovery of costs in an FLSA case.  It also misrepresents the reality that the Plaintiff's counsel may seek fees calculated by the "percentage of the fund" method by which

attorneys' fees may be calculated based on a percentage of the recovery of any collective action class – which if settled inherently lends itself to none of the opt in plaintiffs being made entirely whole.  *See e.g. Blume vs. Intn'l Services, Inc.* No. 4:12 CV 165 DDN (ED Mo., September 2, 2014).  The second quoted sentence simply does not make sense in the context of the notice and seems contradictory to Paragraph No. 7.

**From Doc. 27-2 – Proposed Consent to Join**

*"I was an hourly-paid employee for WSP2, LLC, and/or Joseph Clayton Suttle on or after June 17, 2017."*

Comment:  This action is not for all hourly paid employees.  It is theoretically for servers, not all hourly paid employees, and the consent should be constrained to that group.

**From Doc. 27-3 – Proposed Text of Electronic Transmissions**

Comment:  While the text of the proposed electronic transmission is generally agreeable (see below), the Plaintiffs' claims are not for unpaid overtime.

The Plaintiffs also recognize the small collective action size such that the need for electronic notice is not clear.  Absent difficult circumstances or unreliable mailing information for potential opt-ins, email notice simply is not warranted.  Should the Plaintiffs come forward after receiving a significant number of returns or undeliverable mailings, that analysis may change.  For now, though, this effort seems to be overkill for such a small potential class.

The Defendants also object to the subject line and portions of the body of the proposed email as drafted by the Plaintiffs.  This is not an overtime case.  The use of the phrase "unpaid overtime" in the body of the email is similarly misleading as there has been no finding that the Plaintiffs suffered any unpaid work, whether minimum wages or overtime.  Should email notice be authorized, it should be revised for clarity as to the state of the proceedings and nothing more.

**From Doc. 27-4 – (SECOND?) Consent to Join Collective Action**

Comment:  While this Consent correctly defines the class, it is unclear why the Plaintiffs have proposed two inconsistent consents (27-2 and 27-4).

**From Doc. 27-5 – Second Notice of Right to Join Lawsuit**

Comment:  Due to the small class size, and anticipating electronic notice has already been given, this in effect acts as a third notice to each potential plaintiff within 60 days.  At some point, the frequency of such unsolicited notice may be seen as an annoyance.  If the Court is inclined to approve this third notice, perhaps it should require the Plaintiffs' Counsel to include an unsubscribe link in its first electronic mail notice so that uninterested Plaintiffs would not be so bothered by unwanted communication.

### III.    CONCLUSION

The Plaintiffs have not adequately evidenced that the Defendants' server employees have any interest in joining this action.  Because of that failure, the Motion for Conditional Certification should be denied.  Should the Motion be approved, because there has been no violation of the law related to tip pooling, that issue should not be addressed in any notices nor should it proceed further.  Nor should there be any notice to any employees of any other entity not named herein as a party.  Finally, the Defendants ask this Court to consider their objections to the proposed notice language offered by the Plaintiffs as stated above.

WHEREFORE, Defendants pray this Court Deny the Plaintiffs' Motion for Conditional Collective Action Certification and for all other relief to which they may be entitled.

Respectfully Submitted,

WSP2, LLC and Joseph Suttle, Defendants

BY:  /s/George M. Rozzell IV
George M. Rozzell IV AR Bar No. 2008032
Miller | Butler | Schneider | Pawlik | Rozzell
112 W. Center St., Fayetteville AR 72701
224 S. 2nd St., Rogers, AR 72756
T: 479.621.0006
F: 479.631.6890
grozzell@arkattorneys.com

## <u>CERTIFICATE OF SERVICE</u>

I, George Rozzell, hereby certify that on this 8th day of October 2020, I caused the foregoing filing to be delivered to each Plaintiff of record through his designated counsel through the Court's electronic filing system.

BY:  /s/George M. Rozzell IV
        George M. Rozzell IV