IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SAMUEL RORIE, JUSTIN BAKER,
LESLIE NOLL, BLAKE MASTERSON
And BRADFORD KEYS                                                                         PLAINTIFFS

      v.                                            CIVIL NO. 20-5106

WSP2, LLC and JOSEPH CLAYTON SUTTLE                                              DEFENDANTS

## ORDER

On October 15, 2021, the parties executed a settlement agreement after participating in a settlement conference conducted by the undersigned on August 30, 2021, and following the parties' consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 53).

Plaintiffs, hourly employees of WSP2, LLC, commonly known as the "Uptown" Woodstone Pizza, claimed WSP2 paid them a "tipped rate" plus earned tips but failed to comply with the Dual Jobs Regulation and failed to pay Plaintiffs the required minimum wages required for tipped work and non-tipped work in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act, Ark Code Ann. § 11-4-201, *et seq*. Plaintiffs also challenged the validity of WSP2's tip pooling arrangement and Separate Plaintiff Rorie alleged a FLSA retaliation claim related to his termination by WSP2 which Rorie causally connected to his complaints about WSP2's alleged improper compensation.  Defendants denied all of Plaintiffs' claims, alleging its tip pooling was proper and claiming Plaintiff Rorie was terminated for issues unrelated to his complaints. Plaintiffs' action was conditionally certified as a collective action (ECF No. 33), and then decertified (ECF No. 50) with the Court allowing the

1

three opt-in Plaintiffs to join the named Plaintiffs in an Amended Complaint (ECF No. 51) which was filed on August 2, 2021.

Before a Court approves an FLSA settlement agreement, it must determine that "the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Boland v. Baue Funeral Home Co.,* 2015 WL 7300507, at *2 (E.D. Mo. Nov. 18, 2015) (cleaned up). "A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under [the] FLSA." *King v. Raineri Constr., LLC,* 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946)). If the Court finds there is a bona fide dispute, it must next determine that the agreement purporting to settle that dispute is fair and reasonable to all parties. Such determination usually involves considering:

> the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiff's success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case.

*Id.* (citing *Carrillo v. Dandan, Inc.,* 51 F. Supp. 3d 124, 132-33 (D.D.C. 2014)).

The Court is persuaded that a bona fide dispute exists in this case. The parties disagreed as to whether WSPS2 properly applied the tip-credit in light of the duties performed by the Plaintiffs, whether WSP2's tip-pooling arrangement violated state or federal law and whether the basis for Plaintiff Rorie's termination was unlawful. Thus, the parties fundamentally disagreed on the central issues of Plaintiffs' compensation for hours worked, and whether WSP2 had retaliated against Rorie for complaining about WSP2 methods of compensating employees. The Court is satisfied that the Plaintiffs' settlements are fair and reasonable. All parties were presented by counsel, and it was made known to the Court that discovery had been exchanged, including payroll,

2

timekeeping, and personnel records. Counsel worked diligently to achieve a settlement based on the merits of Plaintiff's claims considering the strengths of the defense, and the reality of the costs of continuing litigation through trial. The Court, having presided over the settlement conference, is convinced the settlement agreement is the result of arms' length negotiations. Moreover, the total amount recovered by Plaintiffs represents a reasonable and not *de minimis* recovery for Plaintiffs after balancing the expense and uncertainty of proceeding with this action against Plaintiffs' most readily provable damages.

For the reasons stated above, the Court finds that the parties' proposed settlement agreement should be, and hereby is, approved as fair and reasonable, and Plaintiffs' Amended Complaint **DISMISSED WITH PREJUDICE** pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. This Court retains jurisdiction to vacate this order and to reopen the action upon cause shown that the parties' settlement has not been completed and that a party whishes this Court specifically to enforce the settlement agreement.

A contemporaneous Order will be entered with respect to Plaintiffs' Motion for Attorneys' Fees and Costs (ECF No. 54).

IT IS SO ORDERED this 20th day of October 2021.

*/s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE